UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIERRA STAFFORD,

    Petitioner,

v.                              Case No. 16-12100
                                HONORABLE AVERN COHN

KENNETH ROMANOWSKI,

    Respondent.

_____/

**ORDER OF DISMISSAL
AND DENYING A CERTIFICATE OF APPEALABILITY**

I.

This is a habeas case under 28 U.S.C. § 2241. Kierra Stafford ("Petitioner"), a pre-trial detainee at the Detroit Detention Center in Detroit, Michigan, alleges that she was beaten by Detroit Police officers and is being denied proper medical care in violation of her Eighth Amendment rights. For the reasons that follow, the complaint be dismissed because it fails to state a claim for relief under § 2241.

II.

A district court must review a petition for habeas relief to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; see also 28 U.S.C. § 2243. If a court determines that the petitioner is not entitled to relief, the petition must be summarily dismissed. Id., see also Allen v. Perini,

424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

III.

A petition under § 2241 is an appropriate vehicle for challenging the fact or duration of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973).

Petitioner, however, is not challenging the fact or duration of her confinement and she raises no challenge to her criminal proceedings in her complaint. She instead alleges police brutality and the lack of proper medical care while in state custody. Habeas relief under §2241 or § 2254 is not available to prisoners who complain of such mistreatment. See Alston v. Gluch, 921 F.2d 276, 1990 WL 208674 (6th Cir. Dec. 4, 1990); see also Hodges v. Bell, 170 F. App'x 389, 393 (6th Cir. 2006). Instead, claims by state prisoners and pre-trial detainees are more properly brought in a civil rights action under 42 U.S.C. § 1983. As such, Petitioner's allegations do not state a claim for habeas relief under 28 U.S.C. § 2241 (or § 2254).

IV.

For the reasons stated above, the complaint fails to state a claim upon which federal habeas relief may be granted. Accordingly, the petition is DISMISSED. This dismissal is WITHOUT PREJUDICE to Petitioner's right to file a civil rights complaint in the appropriate court following the exhaustion of administrative remedies. The Court makes no determination as to the merits of such a complaint.

Furthermore, jurists of reason would not find the dismissal of the complaint debatable. See 28 U.S.C. § 2253(c)(1)(a), (c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability is DENIED.

SO ORDERED.

S/Avern Cohn<br>AVERN COHN<br>UNITED STATES DISTRICT JUDGE

Dated: June 22, 2016
      Detroit, Michigan